IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GABRIELLE and DARYL MEUNIER, Husband and wife, individually, and as Next Friends and Natural Guardians of CHRISTOPHER MICHAEL MEUNIER, a minor, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 1:09-CV-12-WLS |
| v. | ) ) | |
| PEANUT CORPORATION OF AMERICA, a Georgia corporation; and KELLOGG COMPANY, a Delaware corporation; | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## MOTION SEEKING LEAVE TO AMEND THE PLAINTIFFS' COMPLAINT
## TO ADD DEFENDANT STEWART PARNELL

COME NOW the plaintiffs, by and through their attorneys of record, Flynn Peeler & Phillips, LLC and Marler Clark, LLP, PS, and hereby move the Court under FRCP 15(a) for leave to amend their complaint to add Stewart Parnell (Parnell) as a party defendant. The proposed Third Amended Complaint is attached as **Exhibit A**, and is incorporated by reference.

### INTRODUCTION AND FACTUAL BASIS FOR MOTION

The plaintiffs bring this motion in response to events that have transpired since the filing of the Second Amended Complaint. On January 20, 2009, the plaintiffs commenced this action against the above-named defendant Peanut Corporation of America (PCA), for injuries the plaintiffs sustained arising out of a nationwide outbreak of *Salmonella* Typhimurium that has been linked to peanut product produced at defendant PCA's peanut processing plant in Blakely, Georgia. The outbreak has to-date caused 642 culture-confirmed *Salmonella* infections and at

MOTION SEEKING LEAVE TO
AMEND COMPLAINT                                                                                                                                   Page - 1

least nine people have died. The subsequent recall of food items that were manufactured with the defendant PCA's peanut products involves thousands of peanut butter and peanut butter-containing products.

The plaintiffs filed this suit on behalf of the minor plaintiff, Christopher Meunier, who suffered a culture-confirmed *Salmonella* Typhimurium infection after consuming peanut butter-containing crackers manufactured by defendant Kellogg and made with peanut product manufactured by defendant PCA.

Shortly after the original Complaint was filed, the FDA uncovered twelve instances in 2007 and 2008 when private laboratories hired by defendant PCA tested products for defendant PCA that was positive for *Salmonella*, a potentially deadly pathogen. Despite these positive test results, defendant PCA, at the direction of its President, Chief Executive Officer (CEO), and Chief Financial Officer (CFO) Stewart Parnell, shipped and released the contaminated products into interstate commerce.[1]

On February 11, 2009, the Congressional Subcommittee on Oversight and Investigations held a hearing titled, "The Salmonella Outbreak: The Continued Failure to Protect the Food Supply." Mr. Parnell was subpoenaed to testify before the subcommittee regarding the *Salmonella* outbreak associated with peanut products manufactured by his company, PCA. Instead of testifying, Mr. Parnell refused to answer questions posed by members of Congress, citing his Fifth Amendment protection right under the US Constitution against self-incrimination.

---

[1] Prior to the filing of an Answer by defendant PCA, on January 28, 2009, the plaintiffs filed a First Amended Complaint that added a claim for punitive damages against the defendant PCA. The plaintiffs subeqeuntly sought leave to once again amend their complaint, this time adding defendant Kellogg, the manufacturer of the peanut butter-containing crackers consumed by the plaintiff. The defendant PCA consented to this amendment and a Joint Motion to Amend was filed with this Court. On February 11, 2009, the Honorable W. Louis Sands signed the Consent Order granting the Joint Motion to Amend, and the plaintiffs filed their Second Amended Complaint adding defendant Kellogg to the action.

At this hearing, numerous e-mails to and from Mr. Parnell were produced in which *Salmonella* positive test results for PCA's peanut products were discussed. In at least one instance, despite the positive test results, Mr. Parnell gave instructions to "turn them loose" and had the product shipped and released into interstate commerce. *See* Parnell e-mails as **Exhibit B**. The Federal Bureau of Investigations (FBI) is currently conducting an investigation regarding possible criminal charges against Mr. Parnell for his involvement in knowingly shipping and releasing *Salmonella* contaminated products into interstate commerce.

Accordingly, the plaintiffs now seek leave to amend their Second Amended Complaint to add Stewart Parnell as an additional defendant in this action.

## LEGAL AUTHORITY

FRCP 20(a) provides for the permissive joinder of parties "where there exist (1) a 'right to relief…arising out of the same transaction [and] occurrence,' and (2) 'common questions of fact or law.'" *See* Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). Further, leave to amend to add parties under FRCP 15(a) "shall be freely given when justice so requires." *Id*. at 1110. Thus, courts are "constrained to allow a plaintiff leave to amend unless there is substantial countervailing reason." *Id*.

The Court should grant the plaintiffs' motion to amend to add Mr. Parnell as a party defendant to this suit because he is personally liable to the plaintiffs for conduct amounting to negligence and negligence per se, that was a direct and proximate cause of the plaintiffs' injuries.

It is well established that "one who is damaged as a result of a tort that is actually committed by a corporate agent may sue either the individual agent…or the corporation…or the injured party can sue both." *See* Smith v. Hawks, et al., 182 Ga. App. 379, 384, 355 S.E.2d 669 (1987). Here, the contaminated product identified as the cause of the outbreak, and the cause of

plaintiffs' injuries, was manufactured by the defendants PCA and Kellogg. Accordingly, the plaintiffs may sue, and in fact have sued, the corporations PCA and Kellogg for their injuries.

In addition to the liability of a corporation for torts it commits, "an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, but an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable **unless he specifically directed the particular act to be done or participated or co-operated therein**." *Id*. at 384 (emphasis added).

At all times relevant to this matter, Mr. Parnell was the President, CEO, and CFO of defendant PCA. As noted above, the FDA has identified twelve instances in 2007 and 2008 when private laboratories hired by defendant PCA tested products for defendant PCA and found *Salmonella* positives. Despite the positive test results, Mr. Parnell, as illustrated in numerous e-mails, demanded that PCA employees release the contaminated products to its customers, with knowledge that the contaminated products would be used in products intended for human consumption.

## CONCLUSION

Based on the foregoing, the plaintiffs respectfully request that the Court grant them leave to file their Third Amended Complaint, attached as **Exhibit A**.

DATED: March 2, 2009.

**Attorneys for the plaintiffs**

FLYNN PEELER & PHILLIPS, LLC

**/s/Patrick S. Flynn**
Patrick S. Flynn, GA State Bar #004765
Charles E. Peeler, GA State Bar #570399
Flynn Peeler & Phillips, LLC
517 W. Broad Avenue
Post Office Box 7 (31702)
Albany, Georgia 31701
Tel. (229) 446-4886
Fax (229) 446-4884
pflynn@fpplaw.com


William D. Marler, WSBA #17233
bmarler@marlerclark.com
MARLER CLARK, LLP PS
701 First Avenue, Suite 6600
Seattle, WA 98104
Tel. (206) 346-1888
Fax (206) 346-1898
Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GABRIELLE and DARYL MEUNIER, Husband and wife, individually, and as Next Friends and Natural Guardians of CHRISTOPHER MICHAEL MEUNIER, a minor, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 1:09-CV-12-WLS |
| v. | ) ) | |
| PEANUT CORPORATION OF AMERICA, a Georgia corporation; and KELLOGG COMPANY, a Delaware corporation; | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2009, I electronically filed a true and correct copy of the foregoing MOTION SEEKING LEAVE TO AMEND THE PLAINTIFFS' COMPLAINT TO ADD DEFENDANT STEWART PARNELL through the Court's CM/ECF system which shall cause service to be electronically made upon the following:

Mr. Alan M. Maxwell
950 East Paces Ferry Road
Suite 3000
Atlanta, Georgia 30326

Mr. Dean N. Panos
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603

MOTION SEEKING LEAVE TO
AMEND COMPLAINT                                                                                          Page - 6

This 2nd day of March, 2009.

FLYNN PEELER & PHILLIPS, LLC

**/s/Patrick S. Flynn**
Patrick S. Flynn, GA State Bar #004765
Flynn Peeler & Phillips, LLC
517 W. Broad Avenue
Post Office Box 7 (31702)
Albany, Georgia 31701
Tel. (229) 446-4886
Fax (229) 446-4884
pflynn@fpplaw.com